UNITED STATES DISTRICT COURT JUDGE KAPLAN
SOUTHERN DISTRICT OF NEW YORK

12 CV 5625

------------------------------------------------------------------x

ADVANCE MAGAZINE PUBLISHERS INC.,
d/b/a CONDE NAST,

                                  Plaintiff,

              - against -

SUNDAY RILEY MODERN SKINCARE, LLC a/k/a
MODERN SKINCARE LLC,

                              Defendant.

------------------------------------------------------------------x

Case No. 12 CV

**COMPLAINT**

RECEIVED

JUL 23 2012

U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, Advance Magazine Publishers Inc., d/b/a Conde Nast ("Conde Nast"), by and through its attorneys, Satterlee Stephens Burke & Burke LLP, as and for its complaint against defendant, Sunday Riley Modern Skincare, LLC a/k/a Modern Skincare LLC ("Modern Skincare"), alleges as follows:

## PRELIMINARY STATEMENT

1.      By this action, Conde Nast seeks to recover the unpaid balance of $641,227.97, together with interest and attorneys' fees, owed to Conde Nast by Modern Skincare as agreed-upon compensation for advertisements published in various Conde Nast magazines on behalf of and at the request of Modern Skincare. Modern Skincare has failed to pay this sum despite due demand by Conde Nast.

## THE PARTIES

2.      Plaintiff, Conde Nast, is a corporation organized and existing pursuant to the laws of the State of New York, with a principal place of business located at Four Times Square, New York, New York 10036.

3.      Upon information and belief, defendant Modern Skincare is a limited liability company organized and existing pursuant to the laws of the State of Texas.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) as Conde Nast and Modern Skincare are citizens of different states and the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

5.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(a)(3).

6.      Pursuant to certain agreements entered into between Conde Nast and Modern Skincare, described more fully below, the parties consented to the jurisdiction of the state or federal courts in New York, New York, with respect to the transactions which give rise to this action.

## FACTS

7.      Conde Nast is the publisher of numerous magazines, including but not limited to Vogue Magazine and W Magazine.

8.      By applying for and receiving a line of credit from Conde Nast with regard to future advertisements requested by Modern Skincare, Modern Skincare agreed that, "All advertising transactions are subject to Conde Nast (CN) advertising and contract terms and conditions…[Modern Skincare] acknowledges receipt of CN's rate card copy and contract terms." A copy of the July 7, 2011 executed Credit Application is annexed hereto as Exhibit A.

9.      Additionally, and as set forth in greater detail below, by entering into an agreement to advertise within one of Conde Nast's publications (in this instance W Magazine and Vogue Magazine), all advertisers, including but not limited to Modern Skincare, agreed to be bound by Conde Nast's Advertising Rate Card Contract Terms and Conditions for the respective publication. Copies of the 2011 W Magazine Rate Card Contract Terms and Conditions, the

2011 Vogue Magazine Rate Card Terms and Conditions and the 2012 Vogue Magazine Terms and Conditions are annexed hereto as Exhibits B, C and D respectively. The 2011 W Magazine Rate Card Terms and Conditions and the 2011 and 2012 Vogue Magazine Rate Card Terms and Conditions shall be referred to collectively as (the "Agreements").

   10. The Agreements provide that any invoice issued by Conde Nast to an advertiser, such as Modern Skincare, shall constitute an account stated unless written objection thereto is received by publisher within ten (10) days from the rendering thereof. *See* Agreements, Exhibit B at Sec. K, Exhibit C at Sec. J and Exhibit D at Sec. K.

   11. The Agreements further provide that Conde Nast is entitled to recover any costs, including but not limited to attorney's fees, in connection with collecting on any unpaid invoices. *Id.*

**The October 2011 W Magazine Advertisement**

   12. In or about September 2011, Modern Skincare ordered a certain advertisement to be published in Conde Nast's October 2011 edition of W Magazine for the sum of $72,674.19 (the "October 2011 W Magazine Advertisement"). A copy of the Insertion Order is annexed hereto as Exhibit E.

   13. Within the Insertion Order, Modern Skincare acknowledged, "receipt of Conde Nast's rate card copy and contract terms and conditions…and agrees that those terms and conditions shall govern all Conde Nast advertising transactions. *See* Exhibit E.

   14. On or about September 20, 2011, Conde Nast issued invoice number 695562001 to Modern Skincare in the amount of $72,674.19 with regard to the October 2011 W Magazine Advertisement (the "October 2011 W Magazine Invoice"). A copy of the October 2011 W Magazine Invoice is annexed hereto as Exhibit F.

15.     The October 2011 W Magazine Invoice provides, "ALL ADVERTISING IS SUBJECT TO THE TERMS AND CONDITIONS OF W'S RATE CARD." *See* Exhibit F.

16.     Modern Skincare did not object to the October 2011 W Magazine Invoice.

17.     The October 2011 W Magazine Invoice provides for payment terms of "Net 30 Days" or for payment by October 19, 2011. *Id.*

18.     Conde Nast has performed each and every one of its obligations under the agreement between the parties, including but not limited to, the placement of the ordered advertisement on behalf of Modern Skincare.

19.     Despite such performance on the part of Conde Nast, Modern Skincare has failed to make full payment of the October 2011 W Magazine Invoice, despite said sum being duly demanded.

**The November 2011 W Magazine Advertisement**

20.     In or about October 2011, Modern Skincare ordered a certain advertisement to be published in Conde Nast's November 2011 edition of W Magazine for the sum of $72,674.19 (the "November 2011 W Magazine Advertisement"). A copy of the Insertion Order is annexed hereto as Exhibit G.

21.     Within the Insertion Order, Modern Skincare acknowledged, "receipt of Conde Nast's rate card copy and contract terms and conditions…and agrees that those terms and conditions shall govern all Conde Nast advertising transactions. *See* Exhibit G.

22.     On or about October 25, 2011, Conde Nast issued invoice number 698309001 to Modern Skincare in the amount of $72,674.19 with regard to the November 2011 W Magazine Advertisement (the "November 2011 W Magazine Invoice"). A copy of the November 2011 W Magazine Invoice is annexed hereto as Exhibit H.

23.    The November 2011 W Magazine Invoice provides, "ALL ADVERTISING IS SUBJECT TO THE TERMS AND CONDITIONS OF W'S RATE CARD." *See* Exhibit H.

24.    Modern Skincare did not object to the November 2011 W Magazine Invoice.

25.    The November 2011 W Magazine Invoice provides for payment terms of "Net 30 Days" or for payment by November 23, 2011. *Id.*

26.    Conde Nast has performed each and every one of its obligations under the agreement between the parties, including but not limited to, the placement of the ordered advertisement on behalf of Modern Skincare.

27.    Despite such performance on the part of Conde Nast, Modern Skincare has failed to make full payment of the November 2011 W Magazine Invoice, despite said sum being duly demanded.

**The November 2011 Vogue Magazine Advertisement**

28.    In or about October 2011, Modern Skincare ordered a certain advertisement to be published in Conde Nast's November 2011 edition of Vogue Magazine for the sum of $177,197.80 (the "November 2011 Vogue Magazine Advertisement"). A copy of the Insertion Order is annexed hereto as Exhibit I.

29.    Within the Insertion Order, Modern Skincare acknowledged, "All advertising transactions are subject to the terms and conditions of Vogue's rate card…" *See* Exhibit I.

30.    On or about October 25, 2011, Conde Nast issued invoice number 694581001 to Modern Skincare in the amount of $177,197.80 with regard to the November 2011

Vogue Magazine Advertisement (the "November 2011 Vogue Magazine Invoice"). A copy of the November 2011 Vogue Magazine Invoice is annexed hereto as Exhibit J.

31.     The November 2011 Vogue Magazine Invoice provides, "ALL ADVERTISING IS SUBJECT TO THE TERMS AND CONDITIONS OF VOGUE'S RATE CARD." *See* Exhibit J.

32.     Modern Skincare did not object to the November 2011 Vogue Magazine Invoice.

33.     The November 2011 Vogue Magazine Invoice provides for payment terms of "Net 30 Days" or for payment by November 23, 2011. *Id.*

34.     Conde Nast has performed each and every one of its obligations under the agreement between the parties, including but not limited to, the placement of the ordered advertisement on behalf of Modern Skincare.

35.     Despite such performance on the part of Conde Nast, Modern Skincare has failed to make full payment of the November 2011 Vogue Magazine Invoice, despite said sum being duly demanded.

**The December 2011 W Magazine Advertisement**

36.     In or about November 2011, Modern Skincare ordered a certain advertisement to be published in Conde Nast's December 2011 edition of W Magazine for the sum of $72,674.19 (the "December 2011 W Magazine Advertisement"). A copy of the Insertion Order is annexed hereto as Exhibit K.

37.     Within the Insertion Order, Modern Skincare acknowledged, "receipt of Conde Nast's rate card copy and contract terms and conditions…and agrees that those terms and conditions shall govern all Conde Nast advertising transactions. *See* Exhibit K.

38.     On or about November 22, 2011, Conde Nast issued invoice number 732288001 to Modern Skincare in the amount of $72,674.19 with regard to the December 2011 W Magazine Advertisement (the "December 2011 W Magazine Invoice"). A copy of the December 2011 W Magazine Invoice is annexed hereto as Exhibit L.

39.     The December 2011 W Magazine Invoice provides, "ALL ADVERTISING IS SUBJECT TO THE TERMS AND CONDITIONS OF W'S RATE CARD." *See* Exhibit L.

40.     Modern Skincare did not object to the December 2011 W Magazine Invoice.

41.     The December 2011 W Magazine Invoice provides for payment terms of "Net 30 Days" or for payment by December 21, 2011. *Id.*

42.     Conde Nast has performed each and every one of its obligations under the agreement between the parties, including but not limited to, the placement of the ordered advertisement on behalf of Modern Skincare.

43.     Despite such performance on the part of Conde Nast, Modern Skincare has failed to make full payment of the December 2011 W Magazine Invoice, despite said sum being duly demanded.

**The December 2011 Vogue Magazine Advertisement**

44.     In or about November 2011, Modern Skincare ordered a certain advertisement to be published in Conde Nast's December 2011 edition of Vogue Magazine for the sum of $177,197.80 (the "December 2011 Vogue Magazine Advertisement"). A copy of the Insertion Order is annexed hereto as Exhibit M.

45.     Within the Insertion Order, Modern Skincare acknowledged, "All advertising transactions are subject to the terms and conditions of Vogue's rate card…" *See* Exhibit M.

46.     On or about November 22, 2011, Conde Nast issued invoice number 731772001 to Modern Skincare in the amount of $177,197.80 with regard to the December 2011 Vogue Magazine Advertisement (the "December 2011 Vogue Magazine Invoice").  A copy of the December 2011 Vogue Magazine Invoice is annexed hereto as Exhibit N.

47.     The December 2011 Vogue Magazine Invoice provides, "ALL ADVERTISING IS SUBJECT TO THE TERMS AND CONDITIONS OF VOGUE'S RATE CARD." *See* Exhibit N.

48.     Modern Skincare did not object to the December 2011 Vogue Magazine Invoice.

49.     The December 2011 Vogue Magazine Invoice provides for payment terms of "Net 30 Days" or for payment by December 21, 2011. *Id.*

50.     Conde Nast has performed each and every one of its obligations under the agreement between the parties, including but not limited to, the placement of the ordered advertisement on behalf of Modern Skincare.

51.     Despite such performance on the part of Conde Nast, Modern Skincare has failed to make full payment of the December 2011 Vogue Magazine Invoice, despite said sum being duly demanded.

**The January 2012 Vogue Magazine Advertisement**

52.     In or about December 2011, Modern Skincare ordered a certain advertisement to be published in Conde Nast's January 2012 edition of Vogue Magazine for the

sum of $86,952.45 (the "January 2012 Vogue Magazine Advertisement"). A copy of the Insertion Order is annexed hereto as Exhibit O.

53.     Within the Insertion Order, Modern Skincare acknowledged, "All advertising transactions are subject to the terms and conditions of Vogue's rate card..." *See* Exhibit O.

54.     On or about December 20, 2011, Conde Nast issued invoice number 734215001 to Modern Skincare in the amount of $86,952.45 with regard to the January 2012 Vogue Magazine Advertisement (the "January 2012 Vogue Magazine Invoice"). A copy of the January 2012 Vogue Magazine Invoice is annexed hereto as Exhibit P.

55.     The January 2012 Vogue Magazine Invoice provides, "ALL ADVERTISING IS SUBJECT TO THE TERMS AND CONDITIONS OF VOGUE'S RATE CARD." *See* Exhibit P.

56.     Modern Skincare did not object to the January 2012 Vogue Magazine Invoice.

57.     The January 2012 Vogue Magazine Invoice provides for payment terms of "Net 30 Days" or for payment by January 18, 2012. *Id.*

58.     Conde Nast has performed each and every one of its obligations under the agreement between the parties, including but not limited to, the placement of the ordered advertisement on behalf of Modern Skincare.

59.     Despite such performance on the part of Conde Nast, Modern Skincare has failed to make full payment of the January 2012 Vogue Magazine Invoice, despite said sum being duly demanded.

**The February 2012 Vogue Magazine Advertisement**

60.     In or about January 2012, Modern Skincare ordered a certain advertisement to be published in Conde Nast's February 2012 edition of Vogue Magazine for the sum of $86,952.45 (the "February 2012 Vogue Magazine Advertisement"). A copy of the Insertion Order is annexed hereto as Exhibit Q.

61.     Within the Insertion Order, Modern Skincare acknowledged, "All advertising transactions are subject to the terms and conditions of Vogue's rate card…" *See* Exhibit Q.

62.     On or about January 24, 2012, Conde Nast issued invoice number 737053001 to Modern Skincare in the amount of $86,952.45 with regard to the February 2012 Vogue Magazine Advertisement (the "February 2012 Vogue Magazine Invoice"). A copy of the February 2012 Vogue Magazine Invoice is annexed hereto as Exhibit R.

63.     The January 2012 Vogue Magazine Invoice provides, "ALL ADVERTISING IS SUBJECT TO THE TERMS AND CONDITIONS OF VOGUE'S RATE CARD." *See* Exhibit R.

64.     Modern Skincare did not object to the February 2012 Vogue Magazine Invoice.

65.     The February 2012 Vogue Magazine Invoice provides for payment terms of "Net 30 Days" or for payment by February 22, 2012. *Id.*

66.     Conde Nast has performed each and every one of its obligations under the agreement between the parties, including but not limited to, the placement of the ordered advertisement on behalf of Modern Skincare.

1462432_1

67.     Despite such performance on the part of Conde Nast, Modern Skincare has failed to make full payment of the February 2012 Vogue Magazine Invoice, despite said sum being duly demanded.

**Modern Skincare's Failure to Make Payment on the Invoices**

68.     As of the date of this Complaint, Modern Skincare has failed to make full payment to Conde Nast with regard to the October 2011 W Magazine Invoice, the November 2011 W Magazine Invoice, the November 2011 Vogue Magazine Invoice, the December 2011 W Magazine Invoice, the December 2011 Vogue Magazine Invoice, the January 2012 Vogue Magazine Invoice, and the February 2012 Vogue Magazine Invoice (collectively the "Invoices").

69.     As of the date of this Complaint, there is due and owing to Conde Nast by Modern Skincare the sum of $641,227.97, together with interest and attorneys' fees.

70.     Modern Skincare has acknowledged its debt to Conde Nast by way of its failure to object to any of the Invoices.  Moreover, on May 16, 2012, Modern Skincare made a $100,000 partial payment on the original balance of $741,227.97 due to Conde Nast.  In an email confirming the $100,000 payment, Modern Skincare President, Fabian Maclaren further acknowledged the balance owed to Conde Nast by stating, "I cannot give you a firm commitment on the balance, only to say that as I mentioned before, I am doing everything I can to pay it."  A copy of the May 16, 2012 email is annexed hereto as Exhibit S.

## AS AND FOR A FIRST CAUSE OF ACTION

### (BREACH OF CONTRACT)

71.     Conde Nast repeats and realleges each and every allegation set forth within Paragraphs 1 through 70 of this Complaint as if set forth in full herein.

1462432_1

72.     For good and valuable consideration, Modern Skincare entered into advertising agreements with Conde Nast pursuant to which Conde Nast agreed to provide advertising and other services to Modern Skincare for the aggregate sum of $641,227.97.

73.     Conde Nast has fulfilled each and every one of its obligations under the Agreements and the Invoices.

74.     Modern Skincare has failed to make full payment of the sum of $641,227.97 in satisfaction of its Agreements with Conde Nast and the Invoices, and the sum of $641,227.97 remains unpaid despite due demand.

75.     Conde Nast is entitled to recover from Modern Skincare the sum of $641,227.97, together with interest and attorneys' fees.

## AS AND FOR A SECOND CAUSE OF ACTION

### (ACCOUNT STATED)

76.     Conde Nast repeats and realleges each and every allegation set forth within Paragraphs 1 through 75 of this Complaint as if set forth in full herein.

77.     Conde Nast rendered the Invoices to Modern Skincare for the amount due for each respective advertisement.

78.     Modern Skincare accepted the Invoices as an account stated pursuant to the terms and conditions of the Agreements and never objected to the Invoices.

79.     Modern Skincare has acknowledged the debt owed to Conde Nast under the Invoices as a result of their failure to object to the Invoices.

80.     There remains due and owing to Conde Nast from Modern Skincare with respect to the Invoices, the sum of $641,227.97, together with interest and attorneys' fees.

81.     Conde Nast is entitled to recover from Modern Skincare the sum of $641,227.97, together with interest and attorneys' fees.

## AS AND FOR A THIRD CAUSE OF ACTION

### (QUANTUM MERUIT)

82.     Conde Nast repeats and reallages each and every allegation set forth within Paragraphs 1 through 81 of the Complaint as if set forth in full herein.

83.     Conde Nast provided goods and services to Modern Skincare under the Agreements and the Invoices at Modern Skincare's request.

84.     Modern Skincare accepted the goods and services provided by Conde Nast.

85.     The reasonable value of the unpaid goods and services rendered to Modern Skincare by Conde Nast is $641, 227.97.

86.     At all times, Conde Nast reasonably believed that it would be compensated by Modern Skincare for the goods and services rendered under the Agreements and the Invoices.

87.     There remains due and owing to Conde Nast from Modern Skincare with respect to the Invoices, the sum of $641,227.97, together with interest and attorneys' fees.

88.     Conde Nast is entitled to recover from Modern Skincare the sum of $641,227.97, together with interest and attorneys' fees.

## AS AND FOR A FOURTH CAUSE OF ACTION

### (ATTORNEYS' FEES)

89.     Conde Nast repeats and realleges each and every allegation set forth within Paragraphs 1 through 88 of this Complaint as if set forth in full herein.

90.     As set forth above, the Agreements which Modern Skincare agreed to be bound by provide that advertisers, such as Modern Skincare, agree to reimburse Conde Nast for its costs and attorneys' fees in connection with the collection of any unpaid advertising charges.

91.    Accordingly, Conde Nast is entitled to recover from Modern Skincare its costs associated with this action, including but not limited to reasonable attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Advance Magazine Publishers Inc., d/b/a Conde Nast, demands judgment against Defendant Sunday Riley Modern Skincare, LLC a/k/a Modern Skincare LLC as follows:

1. On Plaintiff's First Cause of Action, in the amount of $641,227.97, together with interest;

2. On Plaintiff's Second Cause of Action, in the amount of $641,227.97, together with interest;

3. On Plaintiff's Third Cause of Action, in the amount of $641,227.97, together with interest;

4. On Plaintiff's Fourth Cause of Action, awarding Plaintiff recovery of its costs associated with this action, including but not limited to reasonable attorneys' fees; and

5. For such further relief as this Court deems just and proper.

Dated: July 18, 2012

SATTERLEE STEPHENS BURKE
& BURKE LLP

By:    Christopher R. Belmonte
       Michael H. Gibson
*Attorneys for Plaintiff*
230 Park Avenue, Suite 1130
New York, New York 10169
(212) 818-9200

1462432_1